IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRACIE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-cv-23 (MTT) |
| ) | |
| LVNV FUNDING LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Tracie Smith filed a lawsuit alleging Defendant LVNV Funding LLC violated the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, when LVNV failed to remove a dispute comment from Smith's credit disclosures. Doc. 1. After Smith and LVNV filed cross motions for summary judgment, Smith moved to voluntarily dismiss her complaint with prejudice, which the Court granted. Docs. 22; 24; 33; 35. LVNV now moves for sanctions under 28 U.S.C. § 1927 and 15 U.S.C. § 1692k. Doc. 37. For the following reasons, LVNV's motion (Doc. 37) is **DENIED**.

**I. BACKGROUND**

Smith owed an unpaid WebBank/Fingerhut credit card debt to its current owner, LVNV. Docs. 24-1 ¶¶ 1, 3; 29-1 ¶¶ 1, 3. LVNV received multiple letters from Smith disputing the debt. Docs. 24-1 ¶¶ 4, 6-7; 29-1 ¶¶ 4, 6-7. On November 9, 2020, LVNV reported the account as disputed to various credit reporting agencies. Docs. 24-1 ¶ 5; 29-1 ¶ 5. On November 16, 2021, LVNV received a letter from Gary Hansz, an attorney with the Credit Repair Lawyers of America ("CRLA") requesting that LVNV "remove the

dispute comment from the account." Docs. 24-1 ¶ 8; 19-5; 29-1 ¶ 8.  LVNV did not remove the dispute comment because it believed the letter was part of a "scam."  Docs. 24-1 ¶ 10; 29-1 ¶ 10.

As a result of the continued presence of the dispute comment on her credit report, Smith claimed LVNV violated the FDCPA by "falsely representing the character, amount, or legal status of any debt" and "reporting credit information which is known to be false."  Doc. 1 ¶ 23 (citing 15 U.S.C. §§1692e(2)(A), (8)).  Smith moved for summary judgment arguing that because the FDCPA is a strict liability statute, LVNV's failure to remove the dispute comment after receiving the CRLA letter entitled her to damages.  Doc. 22-1 at 4-9.  LVNV also moved for summary judgment arguing that Smith did not have standing to assert a claim under the FDCPA because she had not suffered a concrete injury.  Doc. 24-2 at 7-11.

On the issue of standing, LVNV argued that, other than Smith's deposition testimony, Smith had not offered any evidence to substantiate her claim that the failure to remove the dispute notification caused her harm.  *Id*.  Specifically, Smith testified that the failure to remove the dispute comment caused her emotional distress, hindered her ability to get the lowest mortgage rates, and she spent money trying to clean up her credit report.  Doc. 19 at 20:13-16, 69:14-25.  In regard to her inability to obtain lower mortgage rates, Smith testified that she applied for mortgages and mortgage refinancing since disputing the debt and all her applications were denied.  *Id*. at 50:2-5, 51:8-14.  Smith's applications were denied because of "charge-offs," "collections," and "inquiries," and she believed that the reference to "collections" was a reference to the LVNV dispute notification because her LVNV debt was "in collection."  *Id*. at 51:20-25, 70:14-20.

Because Smith has applied for mortgages and mortgage refinancing since disputing the debt and her applications were denied, Smith argued she had suffered a concrete injury sufficient to establish standing. Doc. 29 at 3-4. Furthermore, Smith contended that the FDCPA violation was analogous to the common law harm of defamation—an argument LVNV did not address. *Id*. at 5-7.

On March 15, 2023, the Court convened a hearing in *Herald v. LVNV Funding LLC* to address similar standing issues in a FDCPA case also litigated by the CRLA. No. 5:21-cv-447-MTT (M.D. Ga. 2021), Docs. 34; 35. After the hearing, the Court ordered the parties in *Herald* to provide supplemental briefing on how the Court should analyze the evidentiary record to determine whether the plaintiff had standing to pursue his claims. *Id*. In response, the CRLA filed motions to voluntarily dismiss with prejudice in *Herald* and the present case. Doc. 33; *Herald v. LVNV Funding LLC*, No. 5:21-cv-447-MTT (M.D. Ga. 2021), Doc. 36. Both motions explained that the plaintiff's decision to dismiss his or her claims was based on "recent opinions issued in other jurisdictions that resulted in the dismissal[] of cases like the instant action." Doc. 33; *Herald v. LVNV Funding LLC*, No. 5:21-cv-447-MTT (M.D. Ga. 2021), Doc. 36. The Court granted Smith's unopposed motion to dismiss. Docs. 34; 35. LVNV now moves for sanctions under 28 U.S.C. § 1927 and 15 U.S.C. § 1692k. Doc. 37.

## II. DISCUSSION

### A. Sanctions under 28 U.S.C. § 1927

Section 1927 provides: "Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

conduct." 28 U.S.C. § 1927. "To warrant sanctions pursuant to § 1927, an attorney must (1) 'engage in unreasonable and vexatious conduct'; (2) 'this conduct must multiply the proceedings'; and (3) 'the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.'" *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 503 F. App'x 711, 725 (11th Cir. 2013) (quoting *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010)).

"An attorney multiplies the proceedings unreasonably and vexatiously 'only when the attorney's conduct is so egregious that it is tantamount to bad faith.'" *Peer*, 606 F.3d at 1314 (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007)). "Bad faith is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim." *Id*. However, "negligent conduct, standing alone, will not support a finding of bad faith under § 1927—that is, an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." *Amlong & Amlong, P.A.*, 500 F.3d at 1241-42. In other words, § 1927 "is not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Furthermore, to satisfy the multiplication-of-proceedings element, an attorney must have engaged in conduct that leads to proceedings that would not have been conducted otherwise. *Peterson v. BMI Refractories*, 124 F.3d. 1386, 1396 (11th Cir. 1997).

LVNV argues that sanctions are warranted under § 1927 because "the sole basis of [Smith's] claim,"—i.e., that she was unable to obtain a mortgage due to the dispute notification on her credit report—"was factually untrue." Doc. 37-1 at 7. But Smith

testified that she applied for mortgages and mortgage refinancing and those applications were denied because of the LVNV dispute notification. Doc. 19 at 50:2-5, 51:8-14. LVNV contends that Smith's testimony is insufficient to prove that the dispute notification caused the denials because Smith testified that her applications were denied because of "charge-offs," "collections," and "inquiries." Docs. 19 at 51:20-25; 24-2 at 9; 37-1 at 3. But Smith also testified that the reference to "collections" was a reference to the dispute notification because her LVNV debt was "in collection." Doc. 19 at 70:14-20. Thus, Smith argues that she has provided evidence that the dispute notification hindered her ability to obtain lower mortgage rates. Docs. 29 at 3; 38 at 10.

While Smith's standing argument based on the purported mortgage denials was weak, it does not follow that Smith's claims were brought in bad faith. *Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1242 (S.D. Fla. 2008) (holding that the defendant's contention sanctions were appropriate because the plaintiff's claims were "weak" was insufficient to justify sanctions). This conclusion is bolstered by the fact that LVNV never responded to Smith's alternative standing argument that the alleged FDCPA violations were analogous to common law defamation; the Court never ruled on the merits of Smith's claims; and it was undisputed that LVNV failed to remove the dispute notification from Smith's account, despite receiving a letter requesting its removal.[1] As a result, the Court is not convinced that Smith's claims were brought in bad faith and that Smith's counsel should be sanctioned for pursuing this litigation. *See*

---

[1] LVNV claims that based on her deposition testimony, Smith continued to dispute the debt and, thus, it should not have removed the dispute notification. Doc. 24-2 at 9 n.9. This is a misstatement of the record. While Smith testified that she believed her ex-husband opened the account, she did not dispute that the debt was hers. Doc. 19 at 71:22-25 ("I do owe that … I am not disputing."), 76:7 ("Again, I do not dispute the account with Fingerhut."), 76:22-77:8 ("I do not dispute the Fingerhut account. If it's his or mine I will take care of it.").

*Merial Ltd. v. Intervet, Inc.*, 437 F. Supp. 2d 1332, 1335 (N.D. Ga. 2006) (concluding that even though the Court determined that the plaintiff lacked standing to assert its claim, sanctions were not warranted under § 1927); *Polaris Images Corp. v. Cable News Network, Inc.*, 365 F. Supp. 3d 340, 342 (S.D.N.Y. 2019) (noting that the Court could not conclude that the plaintiff's claim was frivolous when the Court had not ruled on the merits of the claim).

Furthermore, LVNV's argument that Smith's attorney multiplied the proceedings is also unpersuasive considering counsel voluntarily dismissed Smith's claims with prejudice. *See Villalobos v. Guertin*, 2009 WL 4718721, at *2 (E.D. Cal. Dec. 3, 2009) (rejecting the defendants' argument "that plaintiffs' counsel multiplied proceedings by failing to withdraw and dismiss the case after the close of discovery"); *McCune v. Rugged Ent., LLC*, 2010 WL 1189390, at *5 (E.D.N.Y. Mar. 29, 2010) ("[R]ather than vexatiously seeking to delay the proceedings, plaintiff's counsel moved promptly to voluntarily dismiss the action with prejudice upon reaching the conclusion that his claims lacked a factual bases.").

In sum, LVNV has not demonstrated that Smith's counsel unreasonably and vexatiously multiplied the proceedings to justify the imposition of sanctions under 28 U.S.C. § 1927.

**B. Sanctions under 15 U.S.C. § 1692k**

"Under 15 U.S.C. § 1692k(a)(3), [a] district court may award attorney's fees to a defendant in an FDCPA case if it finds that the plaintiff brought the action in bad faith and to harass the defendant." *Diaz v. First Marblehead Corp.*, 643 F. App'x 916, 924 (11th Cir. 2016). "The Eleventh Circuit has not given any specific guidance on the

meaning of 'in bad faith and for the purpose of harassment.'" *Burgos v. SunTrust Bank, N.A.*, 2020 WL 2299937, at *3 (S.D. Fla. Mar. 31, 2020), *R. & R. adopted*, 2020 WL 2299936 (S.D. Fla. May 7, 2020); *Montero-Hernandez v. Palisades Collection, LLC*, 2014 WL 505119, at *5 (M.D. Fla. Feb. 7, 2014).  "Other courts have set a high bar, requiring evidence that a plaintiff both knew that his or her claim was meritless and pursued it with the purpose of harassing the defendant." *Montero-Hernandez*, 2014 WL 505119, at *5.  Furthermore, "[c]ourts have also held that merely prevailing on a dispositive motion (i.e. a motion to dismiss or a motion for summary judgment) is insufficient to show that a plaintiff acted in bad faith or for the purpose of harassment." *Burgos*, 2020 WL 2299937, at *3; *Gillis v. Deutsche Bank Tr. Co. Americas*, 2016 WL 551765, at *3 (M.D. Fla. Jan. 26, 2016), *R. & R. adopted*, 2016 WL 540300 (M.D. Fla. Feb. 11, 2016).

As discussed previously, LVNV has not demonstrated that Smith acted in bad faith.  Furthermore, LVNV has not presented any evidence that Smith brought her claims for the purpose of harassing LVNV.  *Gillis*, 2016 WL 551765, at *4 ("The standard for an award of attorney's fees under 15 U.S.C. § 1692k(a)(3) is two-pronged; Defendants must affirmatively show that Plaintiff acted in bad faith *and* for the purpose of harassment.").  Rather, LVNV's gripe lies with Smith's counsel and the CRLA.  *See* Doc. 37-1 at 1 ("Plaintiff's Complaint is but one of at least 120 identical or substantially similar cases *filed by Credit Repair Lawyers of America* and its surrogates throughout the country since July of 2021.") (emphasis added).  But the Eleventh Circuit has cautioned that "absent some evidence that [the client] had knowledge of the legal strategy being pursued and its faults, rather than just the facts of [the] case," the district

court should not assess fees against a party personally under § 1692k(a)(3).  *Diaz*, 643 F. App'x at 925.  LVNV has provided no evidence that Smith—rather than Smith's attorney or the CRLA—brought this case for the purpose of harassing LVNV.

In sum, LVNV has not demonstrated that Smith brought her claims in bad faith and for the purpose of harassing LVNV.  Accordingly, LVNV is not entitled to sanctions under 15 U.S.C. § 1692k(a)(3).

### III. CONCLUSION

For the reasons stated, LVNV's motion for sanctions (Doc. 37) is **DENIED**.

**SO ORDERED**, this 31st day of August, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
